UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL ORTEGA, | ) | 1:07-CV-01527 OWW JMD HC |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATION DENYING PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS |
| J. WALKER, | ) ) | |
| Respondent. | ) ) | |

Petitioner Paul Ortega ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgement of the Tulare County Superior Court. Petitioner is currently incarcerated at California State Prison-Sacramento. (Pet. at 1).

A jury found Petitioner guilty of the three counts of attempted willful, deliberate, premeditated murder (Cal. Penal Code §§ 187 (a), 664(a)) and one count of shooting at an occupied motor vehicle (Cal. Penal Code § 246). (Lod. Doc. 10). For each crime, the jury found true the special allegation that the crime was committed to promote a criminal street gang (Cal. Penal Code § 186.22(b)(1)). (Lod. Doc. 4 at 3.) Petitioner plead *nolo contendere* to unlawful assault weapon activity (Cal. Penal Code § 12280 (a)(1)) and to carrying a loaded firearm (Cal. Penal Code § 12031(a)(1)) by an active participant in a street gang (Cal. Penal Code § 12031(a)(2)(C)). (Id). Petitioner waived a his jury trial and the trial court found true allegations, that the unlawful assault and carrying a loaded firearm, were committed for the benefit of a gang. (Id at 4). Petitioner also plead *nolo contendere* to a misdemeanor for resisting a peace officer (Cal. Penal Code § 148(a)(1)).

Petitioner received a total sentence of twenty-one years to life. (Pet. at 2).

Petitioner appealed his conviction to the California Court of Appeal. (Lod. Doc. 1). The state appellate court affirmed Petitioner's conviction for the substantive offenses but remanded the case for resentencing in a reasoned opinion issued on March 3, 2006. (Lod. Doc. 4).

Petitioner filed a petition for review to the California Supreme Court. (Lod. Doc. 5). The California Supreme Court summarily denied the petition on June 14, 2006 (Lod. Doc. 6).[1]

On October 19, 2007, Petitioner filed the instant federal petition for writ of habeas corpus with the Court. (Court Doc. 1).

On March 7, 2008, Respondent filed an answer to the petition. (Court Doc. 10).

## FACTUAL BACKGROUND[2]

On the morning of September 9, 2003, three passengers in a green Honda Civic were shot at by the driver of a black Honda Civic. Several shots were fired and one hit a passenger in the green Honda Civic.

Petitioner admits that he was the driver of the black Honda Civic and that he fired shots at the car containing the three passengers. At trial, however, Petitioner claimed self-defense. Petitioner testified that the three passengers had flipped him off, verbally insulted him, and that a passenger in the green Honda Civic pulled out a gun; at which point, Petitioner responded by firing several shots at the car. When he was arrested, the weapon used in the shooting was found on the floorboard of the black Honda Civic. A SKS assault rifle, a 27 round magazine for the rifle, a zipped rifle case, and a box of ammunition for the rifle were found in the trunk of the vehicle. Petitioner's testimony that the shooting was provoked was corroborated by his girlfriend, who testified that she was present in the car at the time of the shooting.

The three passengers in the green Honda Civic claimed that the shooting was unprovoked. At trial, the prosecutor advanced the theory that Petitioner's motive for the shooting was gang

---

[1] Respondent admits that Petitioner has exhausted his state remedies and does not allege that the petition is untimely filed. (*See* Answer at 2-4).

[2] The facts are derived from the factual summary set forth by the California Court of Appeal, Fifth District, in its unpublished opinion issued on March 3, 2006, and are presumed correct, pursuant to 28 U.S.C. §§ 2254(e)(1). (*See* Lod. Doc. 4, Unpublished Opinion, Fifth Appellate District Court of Appeal, at 4-18).

related. Petitioner admitted that he previously participated in the East Side Carrio Porros (ESVP), a criminal gang as attested to by the prosecutor's expert witness. However, Petitioner denied any current membership in the gang. There was testimony that the three passengers in the green Honda Civic were affiliated with rival gangs.

## DISCUSSION

**I.     Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution and Petitioner's custody arose from a conviction in the Tulare County Superior Court, which is within this judicial district. 28 U.S.C. § 84(b). As an application for writ of habeas corpus may be filed in either the district court where Petitioner is currently incarcerated or in the district where Petitioner was sentenced, the Court has jurisdiction over and is the proper venue for this action. *See* 28 U.S.C. § 2241(d).

**II.    ADEPA Standard of Review**

In April 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). The instant petition was filed in 2007 and is consequently governed by the provisions of AEDPA, which became effective upon its enactment on April 24, 1996. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

As Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment, Title 28 U.S.C. section 2254 remains the exclusive vehicle for Petitioner's habeas petition. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) in holding that §

2254 is the exclusive vehicle for a habeas petitioner in custody pursuant to a state court judgment even where the petitioner is not challenging his underlying state court conviction). Under AEDPA, a petition for habeas corpus "may be granted only if he demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.*

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

\\\

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

### III. Review of Petitioner's Claim

Petitioner raises two grounds for relief. The first ground challenges the trial court's admission of evidence relating to uncharged crimes. (Pet. Mem. P &A at 2-12). In his second ground, Petitioner contends that the trial court erred in instructing the jury on the "kill zone" theory contained within California Jury Instruction-Criminal (hereinafter "CALJIC") No. 8.66.1. (Id. at 13-24).

#### *A. Ground One*

In his first ground for relief Petitioner challenges the trial court's admission of evidence that Petitioner possessed an assault rifle, which had been discovered in the car Petitioner used in the shooting. Prior to trial Petitioner plead *nolo contendere* to the charges relating to possession of the assault rifle; therefore making evidence of its possession evidence of an uncharged crime. Petitioner contends that the admission of such evidence was erroneous under state law and constituted a violation of his due process rights under the Fourteenth Amendment.

Petitioner raised this claim to the California Court of Appeal, which rejected the claim in the only reasoned opinion issued by the state courts in this case. (*See* Lod. Doc. 4). Petitioner also presented the claim to the California Supreme Court, which summarily denied the claim. (*See* Lod. Doc. 6). When reviewing a state court's summary denial, the Court "look[s] through" the summary disposition to the last reasoned decision. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th

U.S. District Court
E. D. California

5

Cir. 2000) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991)). Thus, the California Supreme Court is presumed to have adjudicated Petitioner's claims for the same reasons cited by the California Court of Appeal in their reasoned denial of Petitioner's claim. *See Ylst v. Nunnemaker*, 501 U.S. at 803.

Generally, the admissibility of evidence is a matter of state law, and is not reviewable in a federal habeas corpus proceeding. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (per curiam), *cert. denied,* 478 U.S. 1021 (1985). Nevertheless, a petitioner may obtain habeas corpus relief where the admission of prejudicial evidence was fundamentally unfair and resulted in a denial of due process. *Estelle*, 502 U.S. at 72; *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Walters v. Maas*, 45 F.3d 1355, 1357 (9th Cir. 1995); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir. 1993), *cert. denied*, 510 U.S. 1191 (1994); *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990). However, a failure to comply with state rules of evidence alone is neither a necessary nor sufficient basis for granting federal habeas relief on due process grounds. *Jammal v. Van de Kamp*, 926 F.2d 918, 919-920 (9th Cir. 1991). A due process violation occurs only where there are no permissible inferences that a jury may draw from the evidence. *Id*. at 920; *see also Leavitt v. Arave*, 383 F.3d 809, 829 (9th Cir. 2004).

California Evidence Code Section 1101, subdivision (b), permits the admission of evidence which is "relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . .) other than [defendant's] disposition to commit such an act." Pursuant to California law, evidence admitted under section 1101 is still subject to the restrictions imposed by California Evidence Code section 352. Section 352 permits the trial judge to exclude evidence when the probative value of the evidence is substantially outweighed by its prejudicial effect. Here, the state trial and appellate court concluded that the evidence was not erroneously admitted under California law. It is not the province of a federal habeas court to question that determination. *See Levitt*, 383 F.3d at 829 (citing *Estelle*, 502 U.S. at 67-68). Thus, Petitioner's assertion that it was erroneous and an abuse of discretion under state law for the state court to admit the evidence fails.

\\\

Rather, the inquiry before this court is whether admitting evidence that Petitioner possessed an assault rifle rendered the trial so fundamentally unfair as to deprive him of his right to due process of the law. The California Court of Appeal recognized and applied this standard in adjudicating Petitioner's Due Process claim. The appellate court rejected Petitioner's claim, finding that "[t]he discretionary admission of other crimes evidence pursuant to a well-established state evidence statute simply does not descend to the level of a violation of our fundamental conceptions of justice." (Lod Doc. 4 at 25).

The Court finds that the state court's determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent as the evidence pertaining to the uncharged crimes were properly admitted to demonstrate something other than Petitioner's present disposition to engage in the same or similar acts. As found by the appellate court, Petitioner's possession of the assault rifle was clearly relevant to demonstrate identity, motive, common plan or scheme. The record reveals that Petitioner denied that he was *currently* part of a gang. At trial, the prosecution advanced the theory that the shooting was gang related as a clash between members of rival gangs. As noted by the appellate court in its discussion of why the evidence was properly admitted under state law, Petitioner's possession of an assault rifle would be probative of whether Petitioner was currently a member of a gang was therefore relevant towards Petitioner's motive for the shooting. Noting that intent is a permissible inference that a jury may draw from evidence of uncharged acts, the Court finds that this was not an objectively unreasonable application of clearly established Federal law. *See Houston v. Roe*, 177 F.3d 901, 910 n. 6 (9th Cir. 1999). Consequently, Petitioner is not entitled to habeas corpus relief on this ground.

### B. Ground Two

Petitioner next contends that he is entitled to habeas corpus relief as the trial court's issuance of CALJIC No. 8.66.1 was erroneous. Similar to the previous contention, Petitioner raised this claim to both the California Court of Appeal and the California Supreme Court. The Court of Appeal was the only court to issue a reasoned opinion in rejecting Petitioner's claim. Therefore, the California Supreme Court is presumed to have denied Petitioner's claims for the same reasons set forth in the appellate court's opinion. *See Ylst v. Nunnemaker*, 501 U.S. at 803.

First, the Court notes that a petitioner is not entitled to habeas corpus relief on an allegation that the jury instruction is erroneous under state law. *Estelle*, 502 U.S. at 67 (stating "[w]e have stated many times that federal habeas corpus relief does not lie for errors of state law"). To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. *Id*. at 72. A habeas court must not merely consider whether an "instruction is undesirable, erroneous, or even universally condemned" but instead determine"'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973)).

The Due Process Clause of the Fourteenth Amendment requires that the state prove all elements of the offense charged and all facts necessary to establish each of those elements beyond a reasonable doubt. *See Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993); *In re Winship*, 397 U.S. 358, 364 (1970). However, not all errors in a jury instruction rises to the level of a due process violation. *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). A federal court examines the jury instruction in the context of the overall charge to the jury as a component of the entire trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982) (citing *Henderson*, 431 U.S. at 154); *see also United States v. Frazin*, 780 F.2d 1461, 1468 (9th Cir. 1986). If the charge, as a whole, is ambiguous the court must inquire whether there is a reasonable likelihood that the jury erroneously applied the instruction in a way that violates the Constitution. *Estelle*, 502 U.S. at 72 n. 4 (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)); *see also Middleton v. McNeil*, 541 U.S. at 437.

Even upon a finding that a petitioner was deprived of his constitutional rights by the issuance of the jury instruction, habeas corpus relief may only be granted if the unconstitutional instruction had a substantial influence on the conviction and thereby resulted in actual prejudice under the standard articulated by the United States Supreme Court in *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). *California v. Roy*, 519 U.S. 2, 5 (1996) (finding that habeas challenge to the trial court's issuance of the jury instructions is reviewed under the *Brecht* standard, i.e., whether the error had a substantial and injurious effect or influence in determining the jury's verdict). The court must evaluate the jury instructions in the context of the overall charge to the jury as a component of the

entire trial process. *See United States v. Frady*, 456 U.S. 152, 169 (1982) (citing *Cupp v. Naughten*, 414 U.S. at 146-47).

Here, as part of the jury charge, the trial court instructed the jury, pursuant to CALJIC No. 8.66.1, with the following:

> A person who primarily intends to kill one person, may also concurrently intend to kill other persons within a particular zone of risk. This zone of risk is termed the "kill zone." The intent is concurrent when the nature and scope of the attack, while directed at a primary victim, are such that it is reasonable to infer the perpetrator intended to ensure harm to the primary victim by harming everyone in that victim's vicinity.[3]
>
> Whether a perpetrator actually intended to kill the victim, either as a primary target or as someone within a "kill zone" is an issue to be decided by you.

(CT at 167).

Petitioner attacks the issuance of this instruction on the grounds that the evidence was insufficient to support its issuance and the instruction misstates the law in permitting the jury to infer that they could find an intent to kill based solely on an intent to harm. Respondent correctly argues that the only colorable claim Petitioner presents is that the misstatement of law resulted in a due process violation by permitting the jury to infer the *mens rea* required for attempted murder from an intent to harm.[4]

The appellate court rejected this claim, finding that there was not a reasonable likelihood that the jury applied the instruction in a way that violates the constitution. (Lod. Doc. 4 at 38). The California Court of Appeal pointed to the trial court's issuance of CALJIC No. 1.01 and 8.66 in reviewing the jury charge as a whole. CALJIC No. 1.01 admonishes the jury that they were required to "[c]onsider the instructions as a whole and each in light of all the others." (CT at 128). CALJIC

---

[3] As noted by the appellate court, the third sentence has now been amended to "[t]he intent is concurrent when the nature and scope of the attack, while directed at a primary victim, are such that it is reasonable to infer the perpetrator intended to kill the primary victim by killing everyone in that victim's vicinity." (Lod. Doc. 4 at n. 10).

[4] As a matter of state law, the Court gives deference to the state court's finding that the evidence at trial warranted the issuance of CALJIC No. 8.66.1. *See* Lod. Doc. 5 at 36-37; *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (citing to *Estelle*, 502 U.S. at 67-68, and *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) for the proposition that, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). Thus, the California Court of Appeal finding that the rule of law announced in *Bland* was applicable and that the instruction was warranted are entitled to deference. Even assuming *arguendo* that the instruction was erroneous, Petitioner has failed to establish that it so infected the trial as to deprive him of his constitutional rights under the Due Process Clause.

No. 8.66 instructed the jury that an element of the crime of attempted murder, which they were required to find beyond a reasonable doubt, was "[t]he person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." (CT at 166). The appellate court further pointed to the last sentence of CALJIC No. 8.66.1, noting that "[a]lthough CALJIC No. 8.66.1 used the term "harming" rather than "killing" in the third sentence, *the instruction reminded jurors that it was up to them to decide whether the "perpetrator actually intended to kill the victim, either as a primary target or as someone within a kill zone..."* (Lod. Doc. 4 at 38) (emphasis added) (quoting CALJIC No. 8.66.1).

As a component of the entire trial process, the jury instruction alone does not compel a finding that Petitioner's due process rights were violated. Petitioner fails to cite to anything in the record nor at trial that would provide a context in which the jury believed they could infer an intent to kill from an intent to harm. Rather, the closing arguments by both sides continually emphasized that the specific intent to kill was required to convict Petitioner for attempted murder without referencing the intent to harm. The prosecutor noted the crime of attempted murder required malice aforethought, which he defined as the specific intent to kill another human being unlawfully. (RT at 329). The prosecutor's discussion of CALJIC No. 8.66.1 actually stated that an intent to kill, and not an intent to harm, the primary victim was required. (RT at 327-328). Considering the jury charge as a whole in the context of the trial, the Court finds that this one erroneous sentence did not so infect the trial such that Petitioner was deprived his rights under the Due Process Clause. *See Middleton v. McNeil*, 541 U.S. at 437-438. Consequently, the Court does not find that the state court's decision was an unreasonable application of nor contrary to clearly established Federal law. *See* 28 U.S.C. 2254(d).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  April 9, 2009**                              /s/ John M. Dixon
                                                UNITED STATES MAGISTRATE JUDGE